IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVIN LAWHORN | ) |
| | ) |
| v. | ) NO. 3:19-0706 |
| | ) |
| TRUSTPOINT HOSPITAL | ) |

**TO:** Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered September 3, 2019 (Docket Entry No. 8), the Court referred this *pro se* action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is the motion to dismiss filed by Defendant Trustpoint Hospital, *see* Docket Entry No. 6, to which Plaintiff has filed a response in opposition. *See* Docket Entry No. 10. For the reasons set out below, the undersigned respectfully recommends that the motion to dismiss be granted in part and be denied in part and that this case be remanded to the Circuit Court of Rutherford County, Tennessee.

## I. BACKGROUND

Kevin Lawhorn ("Plaintiff") filed this case *pro se* in the Circuit Court of Rutherford County, Tennessee on July 8, 2019, against his former employer, Trustpoint Hospital ("Defendant"). On August 14, 2019, Defendant removed the case to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446, based on the assertion that Plaintiff asserts a federal claim over which federal question jurisdiction exists under 28 U.S.C. § 1331. *See* Docket Entry No. 1.

Plaintiff's complaint is styled as a "motion for wrongful termination" and consists of a single paragraph of allegations. *See* Complaint (Docket Entry No. 1-1). Plaintiff, who appears to have worked as a nurse, asserts that he was suspended without pay and was removed from work by his

manager on July 11, 2018. *Id*. Plaintiff alleges that his termination was "on the basis of religion," contending that he had been previously told by "the head nurse" that he "can't mention the name of Jesus or Bible here" after he had made comments about his faith, reading the Bible, and praying to Jesus. *Id*. Plaintiff does not set out any specific legal causes of action, but "moves the Court to find the Defendant in willful civil illegal termination of my employment on the basis of religion" and asserts that "[m]y first amendment right was violated and discriminated because of my faith in the Holy Bible and sharing the name of Jesus with those in need of hope." *Id*. As relief, he request $7,777,777.77 in damages. *Id*.

In lieu of an answer, Defendant filed the pending motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that Plaintiff fails to state a cognizable claim under the First Amendment because he has not alleged that Defendant is a state actor, a required showing for a claim brought under 42 U.S.C. § 1983. *See* Memorandum of Law (Docket Entry No. 7) at 3-4. Defendant then argues that, although Plaintiff fails to actually allege legal claims of employment discrimination, to the extent that his allegations can be construed to assert a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), he has not shown that he exhausted administrative remedies for such a claim and, to the extent that his allegations can be construed to assert a state law religious discrimination claim under the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-401, his allegations are not sufficient to support a claim for relief. *Id*. at 4-7.[1]

Plaintiff filed a response to the motion to dismiss styled as a "response to dismissal and removal from Rutherford County Circuit Court." *See* Docket Entry No. 10. Plaintiff does not offer a response to Defendant's argument for dismissal of the First Amendment claim, but asserts that he filed his case in state court "on the basis of wrongful termination and the fact that an EEOC complaint wasn't filed in a timely manner. I simply wasn't aware of the 180 day(s) rule. So instead

---

[1] The Court notes that Defendant's supporting memorandum summary of facts contains several factual assertions that are not actually contained in Plaintiff's Complaint, *see* Docket Entry No. 7 at 1-2, and cannot be relied upon in review of a motion seeking dismissal under Rule 12(b)(6).

of filing in the federal court I filed and paid court fees for state court." *Id*. at 1. He then appears to request that the case be returned to state court. *Id*. at 2.

Defendant has filed a reply, arguing that Plaintiff's response fails to address the fundamental deficiencies in his complaint that are raised in the motion to dismiss. *See* Docket Entry No. 11. Defendant further argues that Plaintiff failed to challenge the removal of the case via a timely filed motion to remand. *Id*.

## II. STANDARD OF REVIEW

Defendant's motion to dismiss is reviewed under the standard that the Court must accept all of the well pleaded allegations contained in the complaint as true, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). However, Plaintiff must nonetheless provide factual allegations supporting his claims for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Plaintiff's factual allegations must be enough to show a plausible right to relief. *Twombly*, 550 U.S. at 555-61. The complaint must contain either direct or inferential factual allegations that are sufficient to sustain a recovery under some viable legal theory. *Id*.; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

### III. CONCLUSIONS

Plaintiff's claim that Defendant violated his First Amendment rights must be dismissed. The First Amendment places constraints upon the actions of governmental actors, not upon the actions of private actors. *Manhattan Cmty. Access Corp. v. Halleck*, _U.S._, 139 S. Ct. 1921, 1926 and 1928, 204 L. Ed. 2d 405 (2019). There are no allegations in the Complaint that Defendant is a governmental actor. Thus, Plaintiff simply does not have cognizable First Amendment claim against Defendant. Further, to the extent that Plaintiff's Complaint can be construed as setting out a claim under 42 U.S.C. § 1983 for violations of his First Amendment rights, such a claim requires Defendant to have acted under color of state law in committing the alleged violation. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978). There are no allegations in the Complaint showing that Defendant acted under color of state law.

Although nowhere in his Complaint does Plaintiff refer to Title VII or to a federal employment discrimination claim, Defendant argues that, to the extent that the Complaint can liberally be construed as asserting a Title VII claim, the claim warrants dismissal because Plaintiff fails to show that he exhausted his administrative remedies prior to bringing such a claim. Defendant's argument is legally correct and would, indeed, warrant the dismissal of any Title VII claim sought to be pursued by Plaintiff. The exhaustion of administrative remedies is a necessary prerequisite to pursuing a Title VII claim. *See Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010). Nonetheless, Plaintiff appears to clarify in his Response that he did not intend to assert a Title VII claim in his Complaint.

The Court is thus left with a complaint that is devoid of any viable federal claims over which original federal question jurisdiction under 28 U.S.C. § 1331 exists and a complaint that asserts only claims sounding in state law. Defendant requests that the Court proceed to review and dismiss the state law claims.

While the Court may retain jurisdiction over the state law claims pursuant to supplemental jurisdiction under 28 U.S.C. § 1367, *Bailey v. U.S.F. Holland, Inc.*, 2015 WL 2125137 at *10

(M.D.Tenn. May 6, 2015) (Trauger, J.), Section 1367 nonetheless provides that a district court may decline to exercise supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). As a general matter, "[a] federal court that has dismissed a plaintiff's federal-law claims should ordinarily not reach the plaintiff's state law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006). Given that minimal proceedings have occurred in this Court subsequent to removal, that legal issues governed by state law are all that remain in the case, and that Plaintiff originally filed this case in state court and is a *pro se* litigant, and for reasons of comity, the Court should decline to exercise continued jurisdiction over this case and should remand the case back to the Circuit Court of Rutherford County, Tennessee. *See Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 761 (6th Cir. 2000) ("We also note that the district court had the authority to remand rather than dismiss [plaintiff's] state-law claims under 28 U.S.C. § 1367(c)."); *Bailey*, 2015 WL 2125137 at *4.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that:

1. the motion to dismiss (Docket Entry No. 6) filed by Defendant Trustpoint Hospital be GRANTED with respect to the dismissal of Plaintiff's First Amendment claim and any Title VII claims and be DENIED with respect to any state laws claims; and,

2. this case be remanded back to the Circuit Court of Rutherford County, Tennessee.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen

(14) days after service of objections. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure Federal Rule 72(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge